UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No.: 19-20188

v.                               Honorable Gershwin A. Drain

JEFFREY HARSTEN, JR.,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [#32, #39]

### I.  INTRODUCTION

On April 2, 2019, Defendant Jeffrey Harsten was named in a one-count Information with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Defendant entered a guilty plea pursuant to Rule 11 on April 29, 2019.  On August 12, 2019, this Court sentenced Defendant to 30 months imprisonment to be followed by 36 months of supervised release. On September 26, 2019, Defendant began serving his sentence at FCI Milan.  His projected release date is October 14, 2021.

In a letter dated April 15, 2020, Defendant requested that this Court grant him compassionate release.  ECF No. 32.  In his letter, Defendant relied on the

COVID-19 pandemic and his medical condition of asthma to support his request. *Id.* On May 1, 2020, Defendant drafted and sent a letter to the Court requesting the appointment of counsel. ECF No. 34. The Court granted Defendant's motion for the appointment of counsel, and counsel has filed an appearance and a supplemental brief in support of Defendant's request for compassionate release. ECF No. 39. On June 18, 2020, the Government filed a Response to the Defendant's April 15, 2020 letter and counsel's supplemental brief. ECF No. 40. Defendant filed a Reply in support of his motion for compassionate release on June 25, 2020. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendant's Motion for Compassionate Release on the briefs. *See* E.D. L.Cr. R. 12.1; E.D. Mich. L.R. 7.1(f)(2). Upon review of the parties' briefing, the Court will deny the Defendant's Motion for Compassionate Release.

## II.    FACTUAL BACKGROUND

Defendant is a 29-year old, African American male. Defendant asserts that he suffers from asthma, however his BOP medical records do not substantiate this assertion. Counsel for defendant has advised that he has sought additional records and will provide these records to the Court when he receives them. On September 26, 2019, Defendant began serving his 30-month sentence at FCI Milan. His projected release date is October 14, 2021.

In his Rule 11 Plea Agreement, Defendant admitted to the following facts:

On or about December 19, 2018, in the Eastern District of Michigan, Defendant Jeffrey Harsten, Jr. was observed at a gas station by an Oakland County deputy sheriff.  The deputy sheriff saw Harsten enter the driver's seat of a Chevrolet Malibu and exit the gas station.  Harsten was ineligible to drive due to a suspended license, and the deputy sheriff, having knowledge that the vehicle's windows were unlawfully tinted and believing Harsten was ineligible to drive, initiated a traffic stop.

Harsten pulled the vehicle into a driveway, opened the driver's side door, and put his foot outside the vehicle.  The deputy sheriff ordered Harsten to stay in the vehicle and to put his hands on the dashboard.  Harsten began reaching around in the vehicle.  Then, as he lifted his hands up, Harsten threw a handgun toward the front passenger side of the vehicle.

The firearm Harsten threw, and at the time he knowingly possessed, was a Taurus 9 mm pistol, serial number TL095551, which was manufactured outside of Michigan and traveled in interstate or foreign commerce.

Defendant Harsten stipulates that at the time he knowingly possessed the Taurus 9mm pistol, Harsten had at least one prior conviction for a crime with a possible punishment exceeding one year (to wit: a felony carjacking, in Detroit, Michigan, in 2011).

ECF No. 20, PageID.45-46.

Defendant's request for compassionate request was sent to the Warden at

FCI Milan on April 5, 2020.[1]  ECF No. 39-12, PageID.347-48.  On April 10, 2020,

---

[1] Defendant's exhibit 11 reveals that Defendant did not personally submit a request for compassionate release to the Warden on April 5, 2020.  ECF No. 39-12, PageID.347-48.  Rather, counsel has provided a screenshot of an email message from Defendant's wife, Monica Harsten, requesting that Defendant be granted early release.  *Id.*  To the extent the Government argues that Defendant's failure to personally submit his request for early release precludes exhaustion, such an argument appears to be meritless.  *See* 28 C.F.R. § 571.61 (The BOP "processes a request made by another person on behalf of an inmate in the same manner as an

the Warden's staff responded indicating that the prison was "busy ensuring the health and safety of the inmates and staff due to the recent positive cases at the facility" and therefore could not respond to the specific request for early release. Defendant submitted his letter request for compassionate release to the Court on April 15, 2020.

The novel coronavirus of 2019, commonly referred to as COVID-19, is a respiratory illness that spreads easily and sustainably in the community through respiratory droplets produced when an infected person coughs or sneezes. *See Centers for Disease Control and Prevention Coronavirus Disease 2019 Frequently Asked Questions, https://www.cdc.gov/coronavirus/2019-ncov/faq.html#HowCOVID-19-Spreads* (last visited April 15, 2020). The novel coronavirus of 2019 is a serious disease, ranging from no symptoms or mild ones for people at low risk, to respiratory failure and death in older patients and patients with chronic underlying conditions. *Id.*

The CDC has indicated that certain classes of individuals are at higher risk for developing severe illness if exposed to the novel coronavirus of 2019. *Id.* Older adults – 65 years old or older – and people suffering from underlying medical conditions such as moderate to severe asthma, chronic lung disease, serious heart disease, severe obesity, diabetes, liver disease, kidney disease or

inmate's request. Staff shall refer a request received at the Central Office to the Warden of the institution where the inmate is confined.")

people who are immunocompromised are at higher risk for developing serious illness if they are exposed to COVID-19. *Id.* The CDC has also noted that certain racial and ethnic minority groups are "at increased risk of getting COVID-19 or experiencing severe illness, regardless of age[,]" including "non-Hispanic black persons, Hispanics and Latinos, and American Indians/Alaska Natives" who experience higher "rates of hospitalization or death from COVID-19[.]" *See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/racial-ethnic-minorities.html*.

There is no vaccine to prevent COVID-19, nor is there antiviral medication that can treat it. *Id.* According to the CDC, "[t]he best way to prevent illness is to avoid being exposed to the virus." *Id*. Since January of 2020, COVID-19 has spread throughout the world, including the United States. The United States has been particularly hard hit since it has 5% of the world's population, and 25% of the world's positive coronavirus cases. Almost 130,000 Americans, including 6,157 Michigan residents, have died from exposure to the virus.

FCI Milan has not been able to prevent the introduction and spread of COVID-19 into the facility. As of the date of this writing, 85 inmates have tested positive for COVID-19, with 3 inmates dying from the virus.

## III.   LAW & ANALYSIS

### A.  Compassionate Release Under 18 U.S.C. § 3582

A criminal defendant may move for compassionate release under 18 U.S.C. § 3582.  As amended by the First Step Act of 2018, the relevant statutory language provides that a court may grant compassionate release under the following circumstances:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c).  Under this statute, the requirements of exhaustion and "extraordinary and compelling reasons" must be met to be eligible for compassionate release.

### B.  Exhaustion

Earlier this month, the Sixth Circuit Court of Appeals determined that § 3582(c)'s exhaustion requirement is mandatory. *United States v. Alam*, No. 20-1298, 2020 U.S. App. LEXIS 17 321, *6 (6th Cir. Jun. 2, 2020).  The *Alam* court held that inmates seeking compassionate release must "fully exhaust all

administrative rights or else they must wait [] 30 days after the warden's receipt of their request[,]" before asking the district court for compassionate release under § 3582. *Id.* at *5-6 (internal quotation marks omitted). The *Alam* court rejected the defendant's request to excuse the failure to exhaust based on the equitable exceptions of futility or irreparable harm. *Id.* (concluding that "[t]hirty days hardly rises to the level of an unreasonable or indefinite timeframe.") (internal quotation marks omitted).

Here, Defendant failed to wait the requisite 30 days from the date his request for early release was received by the Warden. Defendant submitted his request for compassionate release to the Warden on April 5, 2020 and filed the present motion with the Court only ten days later, on April 15, 2020. The Government timely invoked the defense of failure to exhaust. Defendant contends in his Reply that exhaustion is not a barrier to his relief, as thirty days have passed since his request to the Warden at FCI Milan on April 5, 2020. While the Court does not dispute the reality of the time lapse, the Court is unable to ignore the *Alam* court's holding that Defendant must either exhaust all administrative remedies within the BOP— including an initial petition and a pursuit of administrative review—or at least allow the BOP thirty days to act on his request before seeking compassionate release on his own motion to this Court. *Alam*, 2020 U.S. App. LEXIS 17321, at *11. The Court therefore cannot grant Defendant's requested relief because he

failed to exhaust as required by § 3582.  *Alam*, 2020 U.S. App. LEXIS 17 321, at *6.

### C.  **"Extraordinary and Compelling" Reasons**

Even had Defendant waited the requisite thirty days and filed the instant motion on May 6, 2020 or thereafter, his request for compassionate release fails on the merits.  For a court to grant compassionate release, the defendant must also demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence.  18 U.S.C. § 3582(c).  The Sentencing Commission has provided guidance about what constitutes "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines.  U.S.S.G. § 1B1.13.  These reasons are classified in four categories: (1)  the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements.  *Id.* at cmt. n.1(A)-(D).

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his early release from custody.  Defendant asserts that he suffers from asthma, and while the CDC has acknowledged that individuals who suffer from moderate to severe asthma may be more at risk for developing serious complications if exposed to the virus, Defendant's BOP medical records do not substantiate that he suffers from asthma.  Thus, the Court has no basis to conclude that Defendant suffers from moderate or severe asthma which would place him a

higher risk category versus mild asthma, which would not.  Moreover, as this Court recently held, an asthma diagnosis by itself does not amount to an extraordinary and compelling reason for granting compassionate release under § 3582.  *See United States v. Alzand*, No. 18-c-20703, 2020 WL 2781824, *3 (E.D. Mich. May 29, 2020).

The Court recognizes that Defendant is African American, which places him at higher risk for catching the virus and developing serious complications if exposed to it, however this is likewise insufficient to meet the extraordinary and compelling standard under § 3582(i).  Defendant is a young man at 29 years of age. He claims to suffer from asthma; however, it is not clear from his medical records that he actually has this condition, much less whether it is moderate or severe. Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions and characteristics that place inmates at a significantly higher risk for severe illness from COVID-19.  *See, e.g., United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020) (granting compassionate release for an elderly inmate with hypertension, diabetes, asthma, hyperlipidemia, and other preexisting conditions); *Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020) ("The CDC also states that individuals with underlying medical conditions, such as a

chronic lung disease, a serious heart condition, and liver disease, have a higher risk of severe illness ... Miller suffers from all three.").

Upon consideration of precedent for granting compassionate release and the particular facts of his case, Defendant has not presented extraordinary and compelling circumstances that warrant his early release.

## IV.    CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion for Compassionate Release [ECF No. 32, ECF No. 39] is DENIED.

SO ORDERED.

Dated:  June 29, 2020                                    /s/Gershwin A. Drain
                                                        GERSHWIN A. DRAIN
                                                        United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Jeffrey Harsten, #
57221-039, FCI Milan, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI on
June 29, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager