UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEFFREY HARSTEN, JR.,

Defendant.

Case No. 19-cr-20188

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE [#43]

### I. INTRODUCTION

On April 2, 2019, Defendant Jeffrey Harsten ("Defendant") was named in a one-count Information with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Defendant entered a guilty plea pursuant to Rule 11 on April 29, 2019.  ECF No. 20.  On August 12, 2019, this Court sentenced Defendant to 30 months imprisonment, to be followed by 36 months of supervised release.  ECF No. 29.  On September 26, 2019, Defendant began serving his sentence at FCI Milan.  His projected release date is October 14, 2021.

On June 29, 2020, the Court denied Defendant's first Motion for Compassionate Release.  ECF No. 42.  In its Order, the Court concluded that

1

compassionate release was unwarranted since Defendant failed to exhaust as required by 18 U.S.C. § 3582(c)(1)(A).  *Id.* at PageID.379–80.  Moreover, the Court explained that even had Defendant waited the requisite thirty days before filing his first Motion, his request for compassionate release failed on the merits.  *Id.* at PageID.380.

Presently before the Court is Defendant's Second Motion for Compassionate Release.  ECF No. 43.  The Government filed a Response on December 4, 2020.  ECF No. 46.  Upon review of Defendant's Motion, the Court concludes that oral argument will not aid in the disposition of these filings.  Accordingly, the Court will resolve Defendant's Motion on the relevant briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court will **DENY** Defendant's Second Motion for Compassionate Release [#43].

## II. BACKGROUND

Defendant is a 29-year old, African American male. Defendant asserts that he suffers from asthma, however his BOP medical records do not substantiate this assertion. Counsel for defendant has advised that he has sought additional records and will provide these records to the Court when he receives them. On September 26, 2019, Defendant began serving his 30-month sentence at FCI Milan. His projected release date is October 14, 2021.

In his Rule 11 Plea Agreement, Defendant admitted to the following facts:

On or about December 19, 2018, in the Eastern District of Michigan, Defendant Jeffrey Harsten, Jr. was observed at a gas station by an Oakland County deputy sheriff. The deputy sheriff saw Harsten enter the driver's seat of a Chevrolet Malibu and exit the gas station. Harsten was ineligible to drive due to a suspended license, and the deputy sheriff, having knowledge that the vehicle's windows were unlawfully tinted and believing Harsten was ineligible to drive, initiated a traffic stop. Harsten pulled the vehicle into a driveway, opened the driver's side door, and put his foot outside the vehicle. The deputy sheriff ordered Harsten to stay in the vehicle and to put his hands on the dashboard. Harsten began reaching around in the vehicle. Then, as he lifted his hands up, Harsten threw a handgun toward the front passenger side of the vehicle. The firearm Harsten threw, and at the time he knowingly possessed, was a Taurus 9 mm pistol, serial number TL095551, which was manufactured outside of Michigan and traveled in interstate or foreign commerce. Defendant Harsten stipulates that at the time he knowingly possessed the Taurus 9mm pistol, Harsten had at least one prior conviction for a crime with a possible punishment exceeding one year (to wit: a felony carjacking, in Detroit, Michigan, in 2011).

ECF No. 20, PageID.45-46.

Defendant first moved for compassionate release on April 15, 2020. ECF No. 32. In his initial letter to the Court, Defendant relied on the ongoing COVID-19 pandemic and his asthma condition to support his request for relief. ECF No. 32. On May 1, 2020, Defendant sent a letter to the Court requesting the appointment of counsel. ECF No. 34. The Court granted Defendant's motion for appointment of counsel, ECF No. 35, and his counsel subsequently filed an appearance and a supplemental brief in support of Defendant's request for compassionate release, ECF No. 39.

On June 29, 2020, the Court issued an Order Denying Defendant's Motion for Compassionate Release.  ECF No. 42.  The Court first opined that Defendant failed to exhaust as required by 18 U.S.C. § 3582(c)(1)(A).  *Id.* at PageID.379–80.  The Court then explained that Defendant's request for compassionate release failed on the merits.  *Id.* at PageID.380.  Specifically, the Court found that Defendant failed to demonstrate extraordinary and compelling reasons to warrant his early release. *Id.*  The Court explained:

> Defendant asserts that he suffers from asthma, and while the CDC has acknowledged that individuals who suffer from moderate to severe asthma may be more at risk for developing serious complications if exposed to the virus, Defendant's BOP medical records do not substantiate that he suffers from asthma.  Thus, the Court has no basis to conclude that Defendant suffers from moderate or severe asthma which would place him a higher risk category versus mild asthma, which would not.  Moreover, as this Court recently held, an asthma diagnosis by itself does not amount to an extraordinary and compelling reason for granting compassionate release under § 3582.  *See United States v. Alzand*, No. 18-c-20703, 2020 WL 2781824, *3 (E.D. Mich. May 29, 2020).

*Id.* at PageID.380–81.

In Defendant's present Motion, he moves for a second time seeking compassionate release.[1]  ECF No. 43.  Defendant requests this relief in order to care

---

[1] Defendant filed his present Motion *pro se*.  He again asks the Court to appoint him counsel to assist him with his request for compassionate release.  The Court previously granted Defendant this same requested relief when he filed his first Motion for Compassionate Release.  *See* ECF No. 35.  Upon review of Defendant's present Motion, the Court declines to appoint counsel for this Second Motion.  It is well-settled that there is no constitutional right to counsel in post-conviction

for his family, including his five children and two step-children, some of which are allegedly at "high risk" due to their health conditions. *Id.* at PageID.383. Moreover, he explains that Oakland County's Children's Protective Services recently contacted him to discuss their concerns with his daughter, who has been residing with her mother. *Id.* at PageID.385. Defendant also attached the letter from Children's Protective Services, which is dated October 16, 2020. *Id.* at PageID.387. Defendant argues that his release is warranted in light of these family circumstances, especially since his wife has returned to work full time. *Id.* at PageID.385. While Defendant does not cite to any support for the proposition that he may file subsequent motions for compassionate release, the Court denotes that at least one other court in this District has addressed the merits of a defendant's second motion. *See, e.g.*, *United States v. Michael English*, No. 2:19-cr-20164, 2021 WL 267774 (E.D. Mich. Jan. 27, 2021). The Court will do the same in its analysis below.

### III. LAW & ANALYSIS

#### A. Legal Standard

Title 18 U.S.C. § 3582(c)(1)(A) governs this Court's authority to consider motions for compassionate release. As amended by the First Step Act of 2018, the

---

proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). A district court has discretion under 18 U.S.C. § 3006A(a)(2) to appoint counsel when "the interests of justice so require." The Court declines to exercise that discretion here and will instead proceed to the merits of Defendant's Second Motion.

relevant statutory language provides that a court may grant compassionate release

under the following circumstances:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

The United States Court of Appeals for the Sixth Circuit recently delineated

the three-step test the district courts generally employ when evaluating whether

compassionate release is warranted under § 3582(c).  *See United States v. Jones*, 980

F.3d 1098, 1108 (6th Cir. 2020).  Specifically, the district court looks to (1) whether

"extraordinary and compelling" circumstances warrant a reduction in sentence; (2)

whether such a reduction is consistent with the Sentencing Commission's applicable

policy statements; and (3) whether the reduction in sentence is appropriate after

considering the factors set forth in 18 U.S.C. § 3553(a).  *Id.*

The *Jones* court further held the Sentencing Guidelines Policy Statement

§ 1B1.13 did not "wholly survive the First Step Act's promulgation."  *Id.*  Indeed,

the Sixth Circuit recently held that this policy statement is not an "applicable" policy

statement for defendant-initiated motions, and therefore district courts "need not consider it when ruling on those motions." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

### B. Analysis

#### 1. Exhaustion

The First Step Act of 2018 amended 18 U.S.C. § 3582 to permit defendants to move for compassionate release themselves. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018). In a defendant-initiated motion for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting thirty days from when the warden at the facility received his or her request. 18 U.S.C. § 3582(c)(1)(A).

The Sixth Circuit has held that while the administrative exhaustion requirements under § 3582(c)(1)(A) are not jurisdictional, they are mandatory. *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). In *Alam*, the Sixth Circuit rejected the defendant's argument that the "unprecedented" nature of the COVID-19 pandemic should serve as an exception to the statute's exhaustion requirement.

*Id.* at 836 (concluding that "[t]hirty days hardly rises to the level of an unreasonable or indefinite timeframe.") (internal quotation marks omitted).

Here, the Government does not raise the issue of exhaustion. The Court denotes that several months have passed since Defendant petitioned the warden for consideration for compassionate release. *See* ECF No. 43, PageID.389–91, 394–401. Accordingly, the Court will proceed to its determination of whether "extraordinary and compelling" circumstances warrant a reduction in Defendant's sentence.

### 2. Extraordinary and Compelling Reasons

As discussed *supra*, for a court to grant compassionate release, a defendant must also demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c). Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his early release from custody. For the reasons articulated below, the Court finds that Defendant fails to identify any change in circumstances from his first motion that would qualify as an extraordinary and compelling reason.

First, Defendant argues that his presence is needed at home in order to help care for his five children and two step-children while his wife works full time. ECF No. 43, PageID.383–84. He asserts that since he has been incarcerated, his two-year-old son and mother of his child have tested positive for COVID-19. *Id.* at

8

PageID.383.  He also explains that he has two other children at "high risk."  *Id.*
Moreover, Defendant cites to a letter from Oakland County's Children's Protective
Services as additional support for his release.  *Id.*  He explains that his twelve-year-
old daughter has been neglected by her mother and that he therefore must return
home to obtain custody.  *Id.* at PageID.385.  The October 16, 2020 letter indicates
that there is "an active investigation to discuss the concerns" of Defendant's
daughter.  *Id.* at PageID.387.

In making this request, Defendant emphasizes his positive behavior while
incarcerated.  *Id.* at PageID.383.  The Court also takes notice of Defendant's wife's
letter to the Court in support of Defendant's Motion.  ECF No. 45.  Monica Harsten
further explains her family's need for additional care for their children.  *Id.* at
PageID.405.  She also emphasizes how difficult it will be for her to obtain custody
of Defendant's twelve-year-old daughter without Defendant present at their home.
*Id.*  Ms. Harsten also explains the nature of Defendant's father's medical condition
as an additional reason for Defendant's early release.  *Id.* ("Our final reason of asking
for this motion of compassionate release is due to the illness of his father, he recently
had a brain tumor removed from which left him wheelchair bound.").

The Court does not take any of the aforementioned reasons and circumstances
lightly, especially during the COVID-19 pandemic.  Indeed, the Court reviewed
Defendant's letter to this Court prior to his sentencing, where he described his

commitment to spending time with his children at home and his father's medical condition.  *See* ECF Nos. 27-2, 28-2. However, the Court does not conclude that these family circumstances warrant release at this juncture.

As for the active Children's Protective Services investigation, the Court finds that Defendant has not established whether there are other suitable caregivers for his daughter while he remains incarcerated or whether authorities would determine him to be a suitable caregiver at this time.  Defendant only provides an initial letter which informs him of the active investigation.  ECF No. 43, PageID.387.  This letter, on its own, is not enough to establish an extraordinary and compelling reason for his early release.  Moreover, the Court finds that Defendant's family's asserted need for additional care, which is a challenging aspect of this pandemic for many families, does not warrant extraordinary and compelling reasons for his release.  *See, e.g.*, *United States v. Marshall*, No. 3:16cr-00004, 2020 WL 114437, at *3 (W.D. Ky. Jan. 9, 2020).  As another court in this District explained, "district courts have routinely denied motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child." *United States v. Cole*, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021).  Defendant's present hardships, while unfortunate, do not in and of itself create a compelling reason for early release.  *See United States v. Files*, No. 17-

20362, 2020 WL 4435170, at *4 (E.D. Mich. Aug. 3, 2020); *United States v. Wilson*,

No. 15-20281, 2020 WL 3172647, at *3 (E.D. Mich. June 15, 2020).

Second, Defendant emphasizes the lack of social distancing and the increased

number of positive cases at FCI Milan.  ECF No. 43, PageID.385.  As explained in

its Order on June 29, 2020, the Court recognizes that Defendant is African American,

which places him at higher risk for catching the virus and developing serious

complications if exposed to it; however, this is likewise insufficient to meet the

extraordinary and compelling standard under § 3582(i).  ECF No. 42, PageID.381.

Defendant is a young man at 29 years of age.  *Id.*  While the Court denotes

Defendant's prior claims of suffering from asthma, his medical records failed to

demonstrate whether "he actually has this condition, much less whether it is

moderate or severe."  *Id.*  At this juncture, Defendant's fear of contracting COVID-

19 is speculative, and the Sixth Circuit has explained that "generalized fears of

Contracting COVID-19, without more, do not constitute a compelling reason" to

grant compassionate release.  *United States v. Ramadan*, No. 20-1450, 2020 WL

5758015, at *2 (6th Cir. Sept. 22, 2020) (citation omitted).  Additionally, the Court

denotes that the Bureau of Prisons has begun the vaccination program of its prison

staff, as well as incarcerated individuals at higher risk for catching the virus.  *See*

*United States v. Michael English*, No. 2:19-cr-20164, 2021 WL 267774 (E.D. Mich.

Jan. 27, 2021) (citation omitted).

Upon consideration of precedent for granting compassionate release and the particular facts of his case, Defendant has not presented extraordinary and compelling reasons, either from his own or his family's medical conditions, that warrant his early release.

### 3. 18 U.S.C. § 3553(a) Factors

Even had the Court concluded that Defendant presented extraordinary and compelling reasons, his second request for compassionate release fails because the sentencing factors under 18 U.S.C. § 3553(a) weigh against him.   The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect deterrence goals, and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a).

Here, Defendant was convicted of a crime—felon in possession of a firearm— which, by its nature, is serious.  At the time of his arrest, Defendant threw a Taurus 9 mm pistol, which was manufactured outside of Michigan and traveled in interstate or foreign commerce, toward the front passenger side of his vehicle.  ECF No. 20, PageID.45–46.  The seriousness of this offense is reflected in the Court's original 30-month sentence.  The Court also takes notice of Defendant's criminal history, which includes a carjacking offense for which Defendant was sentenced to nearly four years in prison.  PSR ¶ 73.  When Defendant was granted parole in September 2014, he returned to prison less than a year later for violating the terms of his parole

for possessing a toy handgun.    PSR ¶ 31.   In sum, the Court concludes that the

§ 3553(a) sentencing factors weigh against Defendant's early release.   In making

this conclusion, the Court acknowledges Defendant's positive record while serving

his present sentence, and encourages him to continue to demonstrate this behavior

for the remainder of his sentence.

Accordingly, the Court will deny Defendant's present Motion.

## IV. CONCLUSION

For the reasons articulated above, Defendant's Second Motion for

Compassionate Release [#43] is **DENIED**.

**IT IS SO ORDERED.**

Dated:        March 24, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 24, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager